KDE:DGR/NJM/LRO
F. #2018R00788

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

 - against -

DERRICK AYERS,
    also known as "Dee" and
    "Mel,"
BERMON CLARKE,
    also known as "G,"
FRANKLIN GILLESPIE,
    also known as "Spazz" and
    "Frankie Gino,"
NIA GOVAN,
    also known as "Cam,"
AMANDA HUARD,
ANTHONY KENNEDY,
    also known as "Biggie,"
JESSICA PELKEY,
AMY SONNENBLICK,
AMANDA WALTON and
DEMETTRIUS WRIGHT,
    also known as "Clean" and
    "Meexhi Brim,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>20-239 (S-1) (BMC)</u>
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(c)(1)(A)(i), 924(d)(1), 982(a)(1),
982(b)(1), 1956(h), 1957, 2 and 3551 <u>et
seq</u>.; T. 21, U.S.C., §§ 846, 841(a)(1),
841(b)(1)(A)(i), 841(b)(1)(A)(ii),
841(b)(1)(A)(iii), 853(a), 853(p), 856(a)
and 856(b); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Possess With Intent to Distribute Narcotics)

        1.    In or about and between January 2017 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also

known as "G," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," NIA GOVAN, also known as "Cam," AMANDA HUARD, ANTHONY KENNEDY, also known as "Biggie," JESSICA PELKEY, AMANDA WALTON and DEMETTRIUS WRIGHT, also known as "Clean" and "Meexhi Brim," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine base, a Schedule II controlled substance, and (b) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base and heroin involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 280 grams or more of a substance containing cocaine base and one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Unlawful Possession of Firearms)

2. In or about and between January 2017 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking

crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT THREE
(Money Laundering Conspiracy)

3.  In or about and between January 2017 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," NIA GOVAN, also known as "Cam," AMY SONNENBLICK and AMANDA WALTON, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions were to in fact involve the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a) and 846, knowing that the property to be involved in such transactions would represent the proceeds of some form of unlawful activity and (a) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); (b) knowing that the financial transactions were to be designed in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and (c) to avoid one or more transaction reporting requirements under Federal law, to wit: Title 31, United States Code, Section 5313(a), contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(Unlawful Monetary Transactions)

4.      In or about and between September 2018 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AMY SONNENBLICK, together with others, did knowingly and intentionally engage in one or more monetary transactions in and affecting interstate commerce in criminally derived property that was of a value greater than $10,000, to wit: the purchase of a Range Rover sports utility vehicle, and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

(Title 18, United States Code, Sections 1957, 2 and 3551 et seq.)

## COUNT FIVE
(Maintaining a Stash House – 7 Center Road Searsport, Maine)

5.      In or about November 2019, within the District of Maine, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," AMANDA WALTON and DEMETTRIUS WRIGHT, also known as "Clean" and "Meexhi Brim," together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 7 Center Road, Searsport, Maine (the "Searsport Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Searsport Stash House as a lessee, agent and occupant and make the Searsport Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which

offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Maintaining a Stash House – 2 Woodpecker Drive, Troy, Maine)

6. In or about and between July 2019 and June 2020, both dates being approximate and inclusive, within the District of Maine, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," NIA GOVAN, also known as "Cam," and AMANDA WALTON, together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 2 Woodpecker Drive, Troy, Maine (the "Troy Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Troy Stash House as a lessee, agent and occupant and make the Troy Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(Maintaining a Stash House – 101 Roosevelt Avenue, Apartment 214, Carteret, New Jersey)

7. In or about and between January 2020 and June 2020, both dates being approximate and inclusive, within the District of New Jersey, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G,"

FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 101 Roosevelt Avenue, Apartment 214, Carteret, New Jersey (the "Carteret Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Carteret Stash House as a lessee, agent and occupant and make the Carteret Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT EIGHT
(Maintaining a Stash House – 9 Bings Boulevard, Swanville, Maine)

8. In or about and between May 2020 and June 2020, both dates being approximate and inclusive, within the District of Maine, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," NIA GOVAN, also known as "Cam," and AMANDA WALTON, together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 9 Bings Boulevard, Swanville, Maine (the "Swanville Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Swanville Stash House as a lessee, agent and occupant and make the Swanville Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more

controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Maintaining a Stash House – 93 Troy Road, Detroit, Maine)

9. In or about June 2020, within the District of Maine, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," NIA GOVAN, also known as "Cam," and AMANDA WALTON, together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 93 Troy Road, Detroit, Maine (the "Detroit Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Detroit Stash House as a lessee, agent and occupant and make the Detroit Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
(Maintaining a Stash House – 576 Corinth Road, Garland, Maine)

10. In or about June 2020, within the District of Maine, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as

"G," NIA GOVAN, also known as "Cam," and AMANDA WALTON, together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 576 Corinth Road, Garland, Maine (the "Garland Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Garland Stash House as a lessee, agent and occupant and make the Garland Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
(Possession of Cocaine with Intent to Distribute)

11. In or about June 2020, within the District of New Jersey, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Felon in Possession of Firearms)

12. On or about June 25, 2020, within the District of New Jersey, the defendant DERRICK AYERS, also known as "Dee" and "Mel," together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (a) one .22 caliber Taurus Model PT-22 pistol bearing serial number AQL76952; (b) one nine-millimeter Glock Model 43 pistol bearing serial number BCGF546; and (c) one .45 caliber Springfield Armory Model XDS pistol bearing serial number 53198690.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Felon in Possession of Firearms)

13. On or about September 3, 2020, within the Eastern District of New York, the defendant FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (a) one nine-millimeter Hi Point Model C9 semi-automatic pistol bearing serial number P1335925; (b) one nine-millimeter semi-automatic pistol bearing serial number BGPX376; and (c) one nine-millimeter MasterPiece Arms pistol bearing serial number F10659.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND FIVE THROUGH ELEVEN

14. The United States hereby gives notice to the defendants charged in Counts One and Five through Eleven that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to the following property:

    a. One white 2018 Volvo S90 bearing Vehicle Identification Number ("VIN") LVYBC0AL6JP027634, seized on or about June 25, 2020, in Vernon, Connecticut (the "2018 Volvo");

    b. One gray 2020 Hyundai Sonata bearing VIN 5NPEH4J27LH005502, seized on or about June 25, 2020, in Fairfield, New Jersey (the "2020 Hyundai");

    c. One black 2015 Subaru Outback bearing VIN 4S4BSALC8F3320457, seized on or about June 25, 2020, in Portland, Maine;

    d. One 2014 Kia Cadenza bearing VIN KNALN4D77E5152930, seized on or about November 21, 2017, in New York City;

    e. One silver and rose gold Rolex, Oyster Perpetual, Date Just wrist watch, seized on or about June 25, 2020, from a Mercedes E300 in New York City;

    f. One gold Rolex, Oyster Perpetual, Day Date wrist watch, seized on or about June 25, 2020, in Fairfield, New Jersey;

    g. One diamond encrusted Audemars Piguet, Royal Oak, No. 5951, E95125 wrist watch with display case, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

11

    h.    One rose gold Rolex, Oyster Perpetual, Sky-Dweller wrist watch, serial number 895CQ545, model number 326935, and display case, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

    i.    One rose gold diamond encrusted chain link necklace, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

    j.    $87,000 in U.S. currency, seized on or about June 25, 2020, from 1245 Main Street, Apartment 347, Rahway, New Jersey;

    k.    $25,224 in U.S. currency, seized on or about June 25, 2020, from the 2018 Volvo in Vernon, Connecticut;

    l.    $109,928 in U.S. currency, seized on or about June 30, 2020, from the 2018 Volvo in New York City;

    m.    $2,000 in U.S. currency, seized on or about July 8, 2020, from the 2020 Hyundai in Yonkers, New York;

    n.    $1,079 in U.S. currency, seized on or about June 25, 2020, from 101 Roosevelt Avenue, Apartment 214, Carteret, New Jersey;

    o.    $3,602 in U.S. currency, seized on or about June 25, 2020, from DERRICK AYERS in Fairfield, New Jersey;

    p.    $1,885 in U.S. currency, seized on or about June 25, 2020, from 76 Wilson Street, Portland, Maine;

    q.    $125,807 in U.S. currency, seized on or about June 25, 2020, from 1245 Main Street, Apartment 247, Rahway, New Jersey;

    r.    $26,001 in U.S. currency, seized on or about June 25, 2020, from 15 Clementine Park, Apartment 1, Boston, Massachusetts;

    s.    $2,642 in U.S. currency, seized on or about June 25, 2020, from 2240 Burnett Street, Apartment 6G, Brooklyn, New York; and

    t.    $2,450 in U.S. currency, seized on or about June 25, 2020, from 576 Corinth Road, Garland, Maine (collectively, the "Seized Property").

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO, TWELVE AND THIRTEEN

16. The United States hereby gives notice to the defendants charged in Counts Two, Twelve and Thirteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, or any violation of any other criminal law of the United States, including but not limited to:

  a. One Taurus Model PT-22 .22 caliber pistol bearing serial number AQL76952, seized on or about July 8, 2020, from the 2020 Hyundai in New York City;

      b.      One Glock Model 43 nine-millimeter pistol bearing serial number BCGF546, seized on or about July 8, 2020, from the 2020 Hyundai in New York City;

      c.      One Springfield Armory Model XDS .45 caliber pistol bearing serial number 53198690, seized on or about July 8, 2020, from the 2020 Hyundai in New York City;

      d.      One nine-millimeter Hi Point Model C9 semi-automatic pistol bearing serial number P1335925, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York;

      e.      One nine-millimeter semi-automatic pistol bearing serial number BGPX376, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York; and

      f.      One nine-millimeter MasterPiece Arms pistol bearing serial number F10659, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York.

17.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND FOUR

18. The United States hereby gives notice to the defendants charged in Counts Three and Four that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to the Seized Property.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

15

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.# 2018R00788

FORM DBD-34
JUN. 85

No. 20-CR-239 (S-1) (BMC)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DERRICK AYERS et al.,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), 924(d)(1), 982(a)(1), 982(b)(1), 1956(h), 1957, 2 and 3551 et seq.; T. 21, U.S.C., §§ 846, 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 853(a), 853(p), 856(a) and 856(b); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____    _____
                                                      *Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
                                                          *Clerk*

*Bail, $* _____

_____

*Drew G. Rolle, Nicholas J. Moscow & Lindsey R. Oken,*
*Assistant U.S. Attorneys, (718) 254-7000*