```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,                                    :
                                                             :   **MEMORANDUM DECISION**
                                                             :   **AND ORDER**
            - against -                                      :
                                                             :   20-cr-239 (BMC) (RER)
                                                             :
DERRICK AYERS,                                               :
                                                             :
                            Defendant.                       :
                                                             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

      Before me is defendant's motion to (i) remove the separation order for him and his alleged co-conspirators and (ii) grant him greater access to the library. The motion is denied.

      Defendant and his co-defendants are alleged to have participated in a years-long, sophisticated drug trafficking conspiracy. Defendant is detained at Metropolitan Detention Center ("MDC"), as are certain other members of the alleged conspiracy. The Bureau of Prisons ("BOP"), at the government's request, entered a separation order for defendant and his alleged co-conspirators, pursuant to 28 C.F.R. § 524.72(f). Defendant challenges the separation order, arguing that contact with his alleged co-conspirators is "necessary and appropriate for him to be able to discuss facts, issues and discovery with those he is charged with acting in concert with."

      I decline to lift the separation order. First, the separation order does not implicate any constitutional right. Although it is arguable that a separation order preventing co-defendants from meeting in a group with their attorneys might infringe a defendant's right to prepare an adequate defense, <u>see generally</u> <u>United States v. Martinez Hernandez</u>, No. 15-075, 2016 WL 11569319 (D.P.R. Nov. 18, 2016), <u>report and recommendation adopted</u>, 2017 WL 10927072

(D.P.R. Jan. 4, 2017) (collecting cases), the separation order at issue here does not prevent defendant from meeting with his co-defendants in the presence of counsel.  Defendant has identified no right to unfettered access to his co-defendants outside the presence of counsel.

Second, the government is justified in requesting a separation order in this case. Defendant and his co-defendants are alleged to have run an extensive and sophisticated drug trafficking operation.  Defendant's and his co-defendants' communications in MDC show them encouraging others to access locations alleged to be stash houses, discussing items seized by law enforcement, and discussing loyalty.  The government has a legitimate concern that the separation order is necessary to prevent defendant and his alleged co-conspirators from interfering with the government's investigation and prosecution of this case.

As to defendant's request for greater access to the library, defendant has not demonstrated that BOP has denied him reasonable access.  Defense counsel's statement that defendant's restrictions "make[] it almost impossible to go to the law library" is insufficient.

**SO ORDERED.**

                                                                                    U.S.D.J.

Dated: Brooklyn, New York
       October 11, 2020